IN RE PROCEEDINGS TO DISBAR v. FRANK E. DELLENBAUGH AND VERNON H. BURKE.

1. THE CIRCUIT AND COMMON PLEAS COURTS HAVE JURISDICTION IN DISBARMENT PROCEEDINGS.

The mere fact that the statute now confines the admission of attorneys to the bar in the Supreme Court and places the matter entirely within its jurisdiction, does not take away the jurisdiction conferred upon the circuit and common pleas courts by sec. 563, Rev. Stat., which section gives those courts jurisdiction to suspend or remove any attorney-at-law from office, for certain specified causes.

2. CAUSES FOR WHICH AN ATTORNEY MAY BE REMOVED ARE NOT SEPARATE AND DISTINCT.

The causes enumerated in sec. 563, Rev. Stat., for which an attorney-at-law may be removed are not to be considered as separate and distinct causes; and, therefore, a conviction of crime involving moral turpitude, or unprofessional conduct involving moral turpitude, are not two distinct grounds. In one, there has been a conviction ; in the other, unprofessional conduct may be conduct that involves a crime although the party has not been convicted of that crime.

. MEMBER OF BAR, THOUGH AT TIME HOLDING THE OFFICE OF JUDGE OF THE COMMON PLEAS COURT, MAY BE DISBARRED.

In disbarment proceedings, the circuit court has jurisdiction to try an attorney-at-law, although at the time of such trial and the time of such proceeding, that attorney may be holding the office of common pleas judge and may not be authorized at that time to practice his profession.

. VALIDITY OF SPECIFICATIONS AGAINST AN ATTORNEY WHEN SUCH ATTORNEY WAS AT THE TIME SPECIFIED ACTING AS A JUDGE.

Where a judge undertakes to exercise the duties of a judge clearly against a provision of the statute of the state that he shall not exercise, where by the statute of the state he has no right to exercise such duties, his acts are entirely void, he having acted simply as an individual ; and where the specifications in disbarment proceeding against such judge, charge that he did such acts purely and simply to further his desires and wishes and purposes as an attorney and not as a judge, such specifications are good as against a demurrer interposed against the same.

CALDWELL, J.

Charges in this matter have been filed against Judge Dellenbaugh and against Vernon H. Burke, and both attorneys have filed demurrers to the charges.

The demurrer has two branches to it, and we have heard the demurrer so far as Judge Dellenbaugh's case is concerned, and the other demurrer is not heard by reason of the sickness of Mr. Foran, who is unable to appear in court.

In the Judge Dellenbaugh case the demurrer, first, aims at the jurisdiction of the court to hear and try the matters presented in the complaint filed by the attorneys appointed by this court and, in the second place, against the complaint as it does not set up facts sufficient to constitute an offense under the statute.

In the first place, it is contended that this court has no jurisdiction to hear and determine this case. One ground of argument on which this point is sought to be reached, is that the Supreme Court now alone has jurisdiction to admit to the bar and, that being true, no court but the Supreme Court has power to remove an attorney from the bar. That is hinted at, though not urged to any very great extent, in the last argument that was made in behalf of the respondent.

The statute places the jurisdiction in such proceedings within either the Supreme Court or the circuit court, or the court of common pleas and, although the statute now confines the admission of attorneys to the Supreme Court and places the matter entirely within the jurisdiction of the Supreme Court, yet we do not think it takes away the jurisdiction in disbarment cases given by sec. 563, of the Rev. Stat.

The second point is that as to whether Judge Dellenbaugh is, within the meaning of this statute, an attorney practicing before this court, as contemplated in the statute. That leads to an examination of the statute (sec. 563). "The Supreme Court, or the circuit court, or the common pleas court may suspend or remove any attorney-at-law from office, for either of the following causes:" * * * That part of this statute confers the jurisdiction, and the causes are named; and then the statute proceeds, after bestowing the jurisdiction, to determine in what manner the proceedings shall take place and the mode of proceedure prescribed, and this is it: "The judges of such courts are required to cause proceedings to be instituted against any attorney-at-law when it in any manner comes to the knowledge of any judge in whose court such attorney practices, that such attorney is probably guilty of any of the causes of suspension or removal." That prescribes the manner and the part of the state, in whose court such attorney practices, and, we are inclined to think and so announce, prescribes the venue in which the proceedings should take place and had no other purpose than that in the statute.

It is said, in the next place, that the meaning of the second and third causes for proceedings as stated in this statute, are of such a nature that the information filed in this case brings it under the second and not under the third sub-division or ground stated in the statute, for removing an attorney, and, as the complaint does not pretend to place anything under the second, that, therefore, the complaint is not good.

The causes for which a removal may be made, are: misconduct in office, conviction of crime involving moral turpitude, or unprofessional conduct involving moral turpitude.

It is claimed that the intention of the statute is that these three causes are to be considered as separate and distinct causes, and that no case can fall under both or two or more causes at the same time; that if it is misconduct in office, it can be neither of the others; that if it is conviction of crime involving moral turpitude, it can be neither of the others; or if it is unprofessional conduct involving moral turpitude, then it can be neither of the others:—and that this complaint makes complaint only under the first and third causes, and not under the second, and at the same time the specifications set up a crime committed

### In re Proceedings to Disbar.

in the conduct of the attorney and, that being true, that it cannot fall under the second, and does not fall under the first, or third.

We cannot agree, in our conclusion, and we do not agree, with the attorney holding the ground that I have stated, that a conviction of crime involving moral turptitude, or unprofessional conduct involving moral turptitude, are two distinct grounds. In one, there has been a conviction; in the other, unprofessional conduct may be conduct that involves a crime although the party has not been convicted of that crime.

The authorities are greatly at variance as to whether the party can be convicted or can be removed for unprofessional conduct involving moral turptitude where that moral turptitude is a crime, without being first convicted of that crime. The authorities are somewhat at variance —The prevailing authorities seem to be that if that moral turptitude pertains to some act done while acting as attorney, attorney may be proceeded against without being first convicted before a jury; but, if it is something lying outside of the attorney's profession or duties as attorney, there is much more authority going to show that he ought first to be convicted.

But we think that the proceedings may be had, although that it might be, and may be possibly, that there is a crime charged in these specifications, yet it can be sustained under the third.

But the main proposition in the case, which has been argued to a very great extent by the attorneys on both sides, is that Judge Dellenbaugh is acting now as judge on the common pleas bench, and that the statute forbids him to practice at his profession while he is thus acting on the common pleas bench. There is an exception to his being forbidden to practice, in that, he can finish any work that he may have commenced in the federal courts, but that he cannot practice in the state courts, the statute prohibits that entirely. And it is claimed that he, not being a practicing attorney, being removed by force of that statute from being a practicing attorney while he is a judge, is not filling the office of an attorney during that time, and that being so, he cannot be proceeded against. And then it is urged also, that the constitution of the state provides a punishment, a sufficient punishment against one who is acting as judge, who, in any way, fails to perform the duties of that office faithfully or honestly, that he may be removed by impeachment; and that the court cannot proceed in these proceedings without infringing on the duties and rights of that body, that is, to try him by way of impeachment.

Now we have examined a great deal of authority upon these two questions, and there is not much that is fairly in point.

We have examined a case in Sixth Dowling Practice Cases, page 310. In that case, an attorney undertook to entirely desert the profession of law and go into other business; and, when proceedings were commenced against him, he pleaded that as a defense he was no longer a lawyer, that he was no longer practicing the law, and that the court, therefore, had no jurisdiction to try him. But the court ruled in that case, that an admission to the practice of the law is one for life unless the attorney is sooner removed, and that while he leaves the practice and goes into other business, he may at any time return to that business again, that is, to the practice of the law, and that his name and his right remains in the practice of the law, and that although he has attempted to withdraw himself entirely from the profession and from the practice,

yet the court has a right to deal with him as a member of the bar and to disbar him.

There is a case in the 39 Atlantic, page 1087; page 1090 is the place where the question is discussed. That was a case decided just about one year ago by the Supreme Court of Connecticut. Proceedings were commenced to disbar a prosecuting attorney, for certain acts and certain conduct while acting as prosecuting attorney; and the defense was made, in that case, that it was not within the power of the court to remove him from his office as prosecuting attorney,—that that belonged to the legislature or to another authority entirely; that he could not be impeached by the court, and that taking proceedings against him as an attorney, in his office as prosecuting attorney, if that removed him from that office of an attorney, it removed him from office as prosecuting attorney, for if he was not an attorney at law, he could not practice before any court and hence he could not exercise the duties of his office as prosecuting attorney. But the Supreme Court of Connecticut, in that case, held that that was no bar and no reason why he should not be proceeded against as an attorney of the bar, and removed although the effect of such removal would be to remove him from office as effectually as though he had been impeached for misconduct in office.

Then, the cases are numerous and we have examined many of them, where an attorney has no exemption—no difference what office he may hold, whether that of judge or any other office—from all the liabilities of any other individual of the community to any civil action or any criminal action; that he has no exemption whatever, by reason of any other office he may hold, why he should not be dealt with in his office as attorney at the bar; and we find this, that in every field of life, as to business matters, as to all actions against such person, any court, whether of a civil or criminal nature, that the fact that he holds the office of judge is no reason why he may not be dealt with the same as any other individual of the community. The fact of proceedings to disbar one who holds another office or the office of a judge at the same time of the disbarment proceedings, has no effect upon his other office whatever; it is not necessary that the party should be an attorney in order to hold the office of judge in this state. So that the case here is not as strong a case against proceedings, as the case I refer to in Connecticut where the proceedings to disbar would be proceedings to remove the attorney from his office as prosecuting attorney.

After examining this matter with a great deal of care we come to the conclusion that the court has jurisdiction in this matter to try an attorney at law although, at the time of such trial and the time of such proceedings, that attorney may be holding the office of common pleas judge and may not be authorized at that time to practice his profession.

It is claimed, in the next place, that the charges, the specifications 1 and 2, set up misconduct on the part of Judge Dellenbaugh that amounts to misconduct in his office as judge and not to misconduct as to his office of attorney. We have read those specifications very carefully, as they were read many times during the trial, and the specifications evidently aim to charge that in all that he did in these specifications that I have mentioned, it was done while he was prosecuting his office as attorney and not that of judge. Of course, when we reach a further point in this case, it may be necessary to determine very accurately just how far one who acts as judge—how far his acts amount to a performance of duties in that particular office; but we have examined a great many au-

thorities already upon this subject, and nearly all of them hold this : That where a judge undertakes to exercise the duties of a judge clearly against a provision of the statute of the state that he shall not exercise, where by the statute of the state he has no right to exercise such duties, that his acts are entirely void. I believe the rule of common law was that those acts were not void but voidable ; but where the acts are prohibited by statute, the authorities are quite numerous that those acts are entirely void and that a judge who thus acts is not exempt from civil action nor even from criminal action by reason of these acts—he has acted without authority ; hence he has acted simply as an individual, and any damage that he has done anyone by reason of such acts is no shield to him whatever when sued to recover damages from him on account of such action.

There is a class of cases, so far as the law stands before us now, it is simply this : That he undertook to do certain acts in a matter wherein he himself was an attorney at that time, and it charges that he did that purely and simply to further his desires and wishes and purposes as an attorney and not as a judge, and he did those acts, so far as it appears now, directly in the face of the statute or the common law doctrine that has prevailed in the state and is sanctioned by statute in nearly all the states. That being true, so far as the matter now stands, it would be bringing these acts plainly within the rule of a clear violation of a plain duty and be without jurisdiction. There is a line of cases that we have examined, that go upon this theory ; that if the question is a close one, and if the judge has exercised an honest judgment upon the matter and has apparently been fair but determined that he could sit in the matter, and has exercised his authority in his judicial office in that particular matter, then he will be exempt ; some courts going so far as to hold that his action will be only voidable and not void. But how far this matter may appear upon the evidence or must appear from the answer and the evidence, as it now stands, we think that objection is not well taken. So that we think that the specifications named are good as against this demurrer.

The last point that I shall notice, is this : That the specifications, if true as alleged, do not constitute such an offense under sec. 563, of the Rev. Stat., as would warrant a court in removing an attorney from his office as attorney. I will not discuss that at all, but will say that if these specifications are made good by proof, we can see no reason why it does not constitute an offense that should remove an attorney from his office or suspend him,—one or the other.

And we overrule this demurrer in the Dellenbaugh case, and will note an exception.

Judge Ingersoll : "Your honor, I ask the court to separately docket each case—to have the docket show each case separately if the other side has no objection."

The Court ; "I suppose it ought to be done."

Mr. Hadden : "We concur I think. We see no objection to it."

*Messrs. White, Sanders, Blandin, Hills and Hadden,* for prosecution.

*Messrs. Ingersoll, Boynton and Hogsett,* for respondent.